# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAY JURDI,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-180-11

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jay Jurdi appeals his conviction for conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and/or 50 grams or more of actual methamphetamine and resulting life sentence. First, he contends that the district court erred in admitting evidence of events that occurred after the October 10, 2012, end date of the conspiracy as alleged in the second superseding indictment, urging that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41272

such evidence was extrinsic and prejudicial and therefore inadmissible under Federal Rule of Evidence 404(b). Jurdi also argues that the admission of this evidence proved to the jury the possibility of two conspiracies, one that ended on October 10, 2012, and one that occurred thereafter, and that this confusion constructively amended the indictment or, alternatively, constituted a material variance to the indictment.

We review the district court's evidentiary ruling for abuse of discretion. *See United States v. Pruett*, 681 F.3d 232, 243 (5th Cir. 2012). "Evidence of acts other than conduct related to the offense is intrinsic when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005). Jurdi has not established that the court abused its discretion in finding the challenged evidence intrinsic. Although the second superseding indictment charged a conspiracy from September 2009 through October 10, 2012, the testimony concerning Jurdi's drug dealing after that date and the physical evidence seized at the time of his arrest, in January 2013, is probative of that conspiracy as it shows that he was dealing the same drug to the same customers at the same location as part of a single criminal episode. *See id; see also United States v. Navarro*, 169 F.3d 228, 233 (5th Cir. 1999) (evidence of drug operation after the end of the alleged conspiracy was not extrinsic because it "demonstrated the continuing nature of the organization, the structure of the organization, and the continuing contact" between relevant actors).

Because the evidence was properly admitted as intrinsic, Rule 404(b) is not implicated. *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007). Moreover, the intrinsic evidence did not amount to a change in the

2

prosecution's theory or prove a materially different scenario from that charged so as to be a constructive amendment or material variance. *See United States v. Robles-Vertiz*, 155 F.3d 725, 728 (5th Cir. 1998); *see also United States v. Delgado*, 401 F.3d 290, 295 (5th Cir. 2005).

Next, Jurdi argues that the evidence was insufficient to support his conviction. He asserts that the Government failed to prove that he knowingly participated in a drug conspiracy and, instead, showed only that he was friends with, used drugs with, and opened a business with, Anthony Grasso, an admitted methamphetamine supplier and distributor. Although Jurdi moved for a judgment of acquittal at the close of the Government's case, because he did not renew the motion at the close of all of the evidence, our review is limited to plain error. *See United States v. Davis*, 690 F.3d 330, 336 & n.6 (5th Cir. 2012). On plain error review, we will reverse for insufficient evidence only if "the record is devoid of evidence pointing to guilt or . . . the evidence is so tenuous that a conviction is shocking." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc).

Contrary to Jurdi's assertion, the trial record is replete with direct evidence of his agreement to participate actively in a methamphetamine-distribution conspiracy, including his own post-arrest statements to officers admitting to have engaged in drug transactions, the testimony of Grasso and numerous other eyewitness co-conspirators establishing his drug-dealing activities, and the physical evidence, including the distributable quantity of 100% pure methamphetamine found in his jacket following his arrest. *See Delgado*, 672 F.3d at 333; *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011). Each of the co-conspirators gave testimony that corroborated the statements of the others and that was further corroborated by testimony from

No. 15-41272

investigating officers, by the documentary evidence, and by the physical evidence obtained at the time of Jurdi's arrest.

Jurdi's conclusional argument that the evidence showed only a friendship and business partnership with Grasso is supported only by his own testimony, which the jury was free to, and in fact did, discredit, and we will not revisit that credibility determination. *See United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007); *see also United States v. Guerrero*, 169 F.3d 933, 939 (5th Cir. 1999). Jurdi has failed to demonstrate that the record is devoid of evidence of his guilt and thus cannot meet his heavy burden of showing insufficiency of the evidence on plain error review. *See Delgado*, 672 F.3d at 329.

Accordingly, we AFFIRM Jurdi's conviction.